IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SEMIKO J. RODGERS,

                    Plaintiff,

     v.                                       1:06-cv-3115-WSD

HOMEQ SERVICING
CORPORATION,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant HomEq Servicing Corp.'s

("HomEq") Motion to Dismiss [2].[1]

## I.    FACTUAL BACKGROUND

This action was commenced on November 6, 2006 in the Superior Court of

Fulton County, Georgia.  Plaintiff Semiko Rodgers ("Rodgers") is the assignee of a

claim by Danny Flint ("Flint").  The gravamen of the Complaint is that HomeEq,

the mortgagor of Flint's property, held a foreclosure sale on the property despite

being made aware that Flint had filed a bankruptcy petition.

---

[1] Also before the Court is the Motion for Order Permitting Withdrawal by
HomEq attorney Caroline H. Dixon [5].  This Motion is GRANTED.

On December 12, 2006, HomeEq filed a notice of removal to this Court.  On January 2, 2007, HomEq filed the present Motion to Dismiss.  Rodgers did not respond to the motion.  Pursuant to Local Rule 7.B, HomeEq's motion is deemed unopposed.

## II.   DISCUSSION

HomeEq moves to dismiss this action under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) for lack of personal jurisdiction and insufficient service.  Both lack of jurisdiction and insufficient service of process are grounds for dismissal.

Federal Rule of Civil Procedure 4(h) provides that service upon American corporations must be effected: (i) "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State" or; (ii) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."  Fed. R. Civ. P. 4(h), (e)(1).

Under Georgia law, service against a corporation must be made by delivering the summons and complaint to:

> to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof, provided that when for any reason service cannot be had in such manner, the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served.

OCGA § 9-11-4(e)(1).

If the last known address of a known officer of the corporation is outside of the state of Georgia, "the plaintiff shall, in addition to and after such service upon the Secretary of State, mail or cause to be mailed to the known officer at the address by registered or certified mail or statutory overnight delivery a copy of the summons and a copy of the complaint." Id. If the corporation is a nonresident of Georgia, then service should be made to "a managing or other agent, cashier, or secretary within this state . . . or to an agent designated for service of process." Id.

Corporate agents or representatives must be authorized by appointment or by law to receive service for service upon them to be effective. See Fed. R. Civ. P. 4(d)(1); O.C.G.A. § 9-11-4.

Georgia law does not allow service on a defendant corporation by mail.

KMM Indus., Inc. v. Professional Ass'n, Inc., 297 S.E.2d 512, 513 (Ga. App. 1982) ("There is no provision in Georgia law which authorizes a party to serve a defendant corporation directly by certified or registered mail. . . . . It follows that service on the appellee was insufficient as a matter of law.  The fact that the appellee may have received actual notice of the [suit] does not obviate the need for proper service.").

It is undisputed in this case that a proper agent of HomeEq was not served. A copy of the summons and complaint were sent via U.S. mail to the law firm McCurdy & Candler LLC, which is not an agent appointed or authorized to accept service on HomEq's behalf.  Service in this case is thus twice insufficient, and this Court's jurisdiction has not properly been engaged.

## III.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant HomEq's Motion to Dismiss [2] is **GRANTED.**   The Clerk of Court is directed to **CLOSE** this case.

**IT IS FURTHER ORDERED** that Caroline H. Dixon's Motion to

Withdraw [5] is **GRANTED**.


**SO ORDERED** this 13th day of February, 2007.



_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE